**STATE of Maine**

v.

**Gerald ROLERSON.**

Supreme Judicial Court of Maine.

Argued May 1, 1991.
Decided June 20, 1991.

Michael E. Carpenter, Atty. Gen. and Garry L. Greene (orally), Asst. Atty. Gen., Augusta, for the State.

Stanley W. Brown, Jr. (orally), Brown & Crowe, Belfast, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendant Gerald "Zeke" Rolerson appeals his conviction of murder, 17–A M.R.S.A. § 201(1)–(A) (1983), and the sentence imposed on that conviction following a jury trial in the Superior Court (Knox County, *Brody, C.J.*). Finding no error in the conduct of the trial and no misapplication of principle in the court's imposition of a forty-year sentence, we affirm both the judgment of conviction and the sentence.

On the evening of January 1, 1989, Randall Lind was found murdered on the North Union Road in Washington. He was killed by a shotgun blast to the back of his head. Gerald Rolerson, together with co-defendants Joel Bowman, David Turner and Charles Novisky, were apprehended in Maryland on January 2 and returned to Maine. The men were charged with intentionally or knowingly causing Lind's death, and conspiracy to commit the murder, 17–A M.R.S.A. § 151(1) & (4) (1983). Venue was transferred to Penobscot County, and the Superior Court ordered that the four defendants be tried concurrently in two separate dual-jury trials. After Rolerson was tried in a dual-jury trial with codefendant Joel Bowman, he was convicted of murder and sentenced to imprisonment for a term of forty years.[1] He appealed the judgment of conviction and applied for leave to appeal his sentence, which the Sentence Review Panel granted. *See* 15 M.R.S.A. §§ 2151– 2152 (Supp.1990).

## I. Appeal of Conviction

■ Rolerson asserts that his conviction should be overturned because the dual-jury trial format utilized by the Superior Court has not been authorized by the Supreme Judicial Court or otherwise permitted by rule or statute. We rejected this contention in the appeal of Rolerson's codefendant, Joel Bowman, concluding that a dual-jury trial procedure is permitted under the Maine Rules of Criminal Procedure, and does not require prior approval from the Supreme Judicial Court. *State v. Bowman*, 588 A.2d 728, 732–34 (Me.1991). The dual-jury procedure "is not inherently prejudicial and, absent a specific showing of prejudice in the record, provides no basis for disturbing the judgment on direct appeal." *Id.* at 734.

■ Rolerson alleges that the dual-jury procedure specifically prejudiced his defense in two respects. We find no merit in his assertion that he was prejudiced by confusion in the jury selection process, as there is no evidence that any jurors that had been disqualified actually served on the jury hearing his case. Rolerson likewise has failed to demonstrate that his defense was prejudiced by the intermingling of jurors from the various juries on a shuttle bus that the court provided to ferry jurors between the courthouse and a nearby parking lot. After the juries were selected, the trial justice gave the jurors comprehensive instructions that they were not to discuss the case with *anyone*, and that they were to be particularly alert to the possibility that persons they came in contact with could be on another jury. The justice reemphasized these instructions at the end of each day of the trial by admonishing the jury that they were to discuss the case with no one. In the absence of any evidence that any of the jurors disobeyed these instructions, we are unpersuaded by Rolerson's claim of prejudice.[2]

---

1. The charge of conspiracy to commit murder was dismissed prior to trial.

2. Prior to trial, the court ordered that voir dire examination of prospective jurors would be con-

ducted by the court using its own questions and questions submitted by counsel, and that after

## II. Appeal of Sentence

The court sentenced Rolerson to imprisonment for a term of forty years. He challenges the propriety of the sentence, arguing that it is excessive in light of his role in the crime, his criminal record, and the remorse that he expressed for the killing.

■ In reviewing the propriety of a criminal sentence, we consider the "nature of the offense, the character of the offender and the protection of the public interest." 15 M.R.S.A. § 2155 (Supp.1990). The nature and relative seriousness of an offense is the primary consideration in determining the maximum sentence that may be imposed. *State v. Hallowell*, 577 A.2d 778, 781 (Me.1990). Because a person convicted of murder may be sentenced to a minimum of twenty-five years and a maximum of life in prison, 17–A M.R.S.A. § 1251 (Supp. 1990), acts that constitute the crime of murder must be arranged on a continuum in order to determine the appropriate sentence warranted by a particular defendant's conduct. *State v. St. Pierre*, 584 A.2d 618, 621 (Me.1990).

Although he did not pull the trigger of the gun that killed Randall Lind, the evidence suggests that Rolerson played a significant role in instigating the murder. Rolerson and codefendant Bowman believed that Lind was a "narc" who had given information to the police concerning Rolerson's drug-related activities. The four codefendants spent the late afternoon of January 1, 1989, obtaining from the houses of several friends the shotgun and shells used to murder the victim. With Rolerson driving, the men then picked up the victim at his home and began arguing with him about being a "narc." They drove to the North Union Road in Washington, where Bowman and Lind got out of the car and Bowman shot Lind in the back of the head. As they fled the state, the men stopped first at the home in Appleton that Rolerson shared with his girlfriend. Rolerson told his girlfriend that there had been an "accident" involving "the one that has been causing all the trouble." In Portland, the men stopped at the home of an acquaintance. Rolerson informed her that they had shot the person who had been causing all of the problems that he and his girlfriend had been having.

■ The evidence suggests that Rolerson acted with premeditation in effectuating the murder of Lind. Although premeditation-in-fact is an aggravating circumstance that may justify a life sentence for murder, the sentencing court is not required to impose a life sentence when a murder was committed with premeditation. *See State v. Shortsleeves*, 580 A.2d 145, 149–50 (Me.1990) (quoting *State v. Anderson & Sabatino*, Nos. 78–37, 78–40 (Me.App.Div. June 30, 1980)). Evidence that the murder was premeditated, that it was committed execution-style, and that it was instigated by Rolerson to obtain revenge because he believed the victim to be a police informant, however, clearly justifies a sentence greater than the mandatory minimum of twenty-five years. The nature and seriousness of Rolerson's conduct falls

the court's voir dire, counsel would be given an opportunity to suggest additional questions and to request and show cause why some jurors should be questioned individually. Rolerson asserts that the court's conduct of the voir dire examination of prospective jurors violated defense counsel's right to conduct voir dire pursuant to 15 M.R.S.A. § 1258–A (1980). We have upheld the court's conduct of the voir dire against a similar challenge in *State v. Bowman*, 588 A.2d 728, 729–30 (Me.1991).

Rolerson also complains that the court did not incorporate into its voir dire all of the questions that he requested. The court, however, covered many of the questions submitted by Rolerson in the questions it put to the prospective jurors. Those questions of Rolerson that were not put to the jury were improper and thus correctly omitted by the court. *See id.* at 730.

somewhere in the middle on a continuum of acts that may constitute the crime of murder, and a forty-year sentence does not reflect misapplication of sentencing principles.[3]

The entry is:

Judgment of conviction and sentence affirmed.

All concurring.

---

[3] Rolerson also contends that the sentence was improper because the presentence investigation report completed by the Division of Probation and Parole recommended a sentence "slightly higher than the mandatory minimum" of twenty-five years. The sentencing justice is not compelled to follow the sentencing recommendation in the presentence investigation report. *See State v. Dumont,* 507 A.2d 164, 166 (Me.1986) (sentencing justice is not limited to considering information contained in presentence report).